IN THE CIRCUIT COURT OF THE SECOND JUDICIAL
CIRCUIT IN AND FOR GADSDEN COUNTY, FLORIDA

WENDY GARDNER,

    Plaintiff,

v.                                      CASE NO.:_____

CELEBRATION GROUP
HOMES INC., a Florida Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, WENDY GARNDER ("Ms. Gardner"), by and through the undersigned attorneys of record, and files this Complaint and Demand for Jury Trial against Defendant, CELEBRATION GROUP HOMES INC. ("CGH"), and alleges:

### NATURE OF ACTION

1. This is an action for violations of the Florida Private Sector Whistleblower Act, §448.102, F.S. ("FWA") and the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA").

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000), exclusive of costs and interests.

### THE PARTIES

3. At all times material to this Complaint, Ms. Gardner was an employee of CGH within the meaning of the FLSA and FWA.

4. At all times material to this Complaint, CGH was a Florida Corporation with its principal place of business in Gadsden County, Florida and engaging in business in both Gadsden and Leon County.

**EXHIBIT C**

5. CGH is an "employer" as defined by 29 U.S.C. §203 and employs more than ten (10) employees. Furthermore, CGH has employees subject to the provisions of the FLSA, 29 U.S.C. §§201 *et seq.*

6. At all times material to this Complaint, CGH regularly used the instrumentalities of interstate commerce and channels of interstate commerce while operating its business. Including engaging in the production of goods or services for commerce, or employed individuals to handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. CGM had an annual gross volume of sales made or business done of not less than $500,000.

## JURISDICTION AND VENUE

7. This is an action for damages in excess of fifteen thousand dollars ($15,000), exclusive of interest, costs, and attorney's fees, and is within the jurisdiction of this Court as provided in §448.103, F.S, and Florida statute.

8. Venue is proper in this court pursuant to §§47.011 and 47.051, F.S., because Defendant's principal place of business is in Gadsden County and a substantial part of the events or omissions giving rise to the claims occurred in Gadsden County.

## FACTUAL ALLEGATIONS

9. Ms. Gardner began working for CGH on April 21, 2017 as a Live-In, caring for individuals with developmental disabilities by assisting with daily living, administering medication, providing transportation, and supervising the patients. She worked at CGH locations in Quincy and Tallahassee, Florida.

10. As part of Ms. Gardner's job as a Live-In, she would routinely stay with patients and provide care over 24-hour shifts. Soon after beginning her employment, CGH began

requiring Ms. Gardner to work almost 40 hours a week performing regular care for the patients, as well as, multiple 24-hour shifts. She was paid $9.00 per hour for regular care of the patients and received $130.00 per 24-hour shift she worked.

11. It was the policy and practice of CGH to not include any of the hours worked while working a 24-hour shift in her total hours for purposes of calculating overtime compensation. During her employment, Ms. Gardner would work up to eighty hours in a given week, but only received overtime compensation on one paycheck, for a total of 15.85 hours.

12. CGH did not compensate Ms. Gardner, a non-exempt employee under the FLSA, at a rate of one and one-half of her regular hourly rate for the overtime hours she worked.

13. In addition to excluding certain hours Ms. Gardner worked from her total hours worked, it was the policy and practice of CGH to automatically deduct one hour of break time for each day she performed regular care work, despite Ms. Gardner almost never having sufficient time to take any break, much less for an hour.

14. During her employment, and specifically in June 2017, Ms. Gardner objected to, and complained of, Defendant's actual violations of state and federal rules and regulations governing the operation of facilities providing care to individuals with developmental disabilities to the company's President, Taylor Gipson. Examples of these objections and complaints include, but are not limited to, Defendant's activity, policy or practice of:

    a. Administering medication contrary to doctors' orders;

    b. Falsifying Medical Administration Record and Controlled Substances Logs;

    c. Failing to provide supervision and adequate care to clients;

    d. Ignoring dietary restrictions, resulting in pain/discomfort of clients;

    e. Billing Medicaid for services not rendered;

    f. Failing to maintain staffing ratios as required by license and contract;

    g. Failing to properly position clients; and

    h. Permitting clients to remain in unhealthy and unsanitary conditions.

15. In addition to Ms. Gardner objecting to, and complaining of, Defendant's violations of state and/or federal regulations governing the operation of facilities providing care to individuals with developmental disabilities, she also raised complaints concerning Defendant's refusal to pay overtime compensation and the structuring of her pay schedule so as to avoid paying her overtime compensation.

16. Prior to objecting to and complaining of the activities, policies, and practices described above, Ms. Gardner was promoted by CGH in mid-late May 2017.

17. Shortly after voicing her objections and complaints of the activities, policies, and practices as described above, CGH terminated Ms. Gardner's employment.

## COUNT I: Violations of the Florida Private Sector Whistleblower Act

18. Plaintiff realleges the allegations of paragraphs 1-17 above and incorporates them herein by reference.

19. Following Plaintiff's objections and complaints concerning Defendant's violations of laws, rules, and/or regulations as detailed above, Defendant retaliated against Plaintiff by demoting Plaintiff and terminating her employment.

20. Defendant violated the FWA, §448.102(3), F.S., when it took retaliatory action against Plaintiff by demoting and terminating her employment because she engaged in protected activity when she objected to, complained of, or refused to participate in Defendant's activity, policy, or practice that violated state and Federal rules and regulations applicable to the corporation.

21.     By reason of Defendant's willful violations of the FWA, Plaintiff is entitled to recover all amounts provided by under the FWA and any other sources of law including: compensation for lost wages and benefits; compensatory damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

## COUNT II: Violations of the Fair Labor Standard Act (Overtime)

22.     Plaintiff realleges the allegations of paragraphs 1-21 above and incorporates them herein by reference.

23.     Defendant repeatedly and willfully violated the provisions of §§207 and 215(a)(2) of the FLSA by employing Plaintiff for workweeks longer than 40 hours without compensating her for employment in excess of such hours at rates not less than one-half times the regular rates at which she was employed.

24.     By reason of Defendant's willful violations of the FLSA, Plaintiff is entitled to recover all amounts provided by the FLSA including: unpaid overtime compensation, and an additional equal amount as liquidated damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

## COUNT III: Violations of the Fair Labor Standard Act (Retaliation)

25.     Plaintiff realleges the allegations of paragraphs 1-24 above and incorporates them herein by reference.

26.     Following Plaintiff engaging in a protected activity, by making complaints about Defendant's violations of the FLSA as detailed above, Defendant retaliated against Plaintiff by demoting Plaintiff and terminating her employment.

27.     By reason of Defendant's willful violation of §215(a)(3) of the FLSA, Plaintiff is entitled to recover all amounts provided by the FLSA including: lost wages and benefits, and an

additional equal amount as liquidated damages; compensatory damages; attorney's fees and costs; and any other remedy this Court deems appropriate.

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff demands a trial by jury on all issues herein that are so triable and demands judgment against Defendant for the following:

(a) that process be issued, and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, and any other equitable relief available to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general, liquidated and compensatory damages and economic loss to Plaintiff from Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and award Plaintiff attorney's fees and costs;

(e) award Plaintiff interest where appropriate; and

(f) grant such other further relief as being just and proper under the circumstances.

Respectfully submitted this 6th day of May, 2019.

/s/ Matthew D. MacNamara
**Matthew D. MacNamara**
Florida Bar No. 113002
matt@scottandwallacelaw.com
SCOTT & WALLACE LLP
209 E. Brevard St.
Tallahassee, Florida 32301
Telephone: (850) 222-7777
Facsimile: (850) 222-7778

Attorney for Plaintiff