IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WENDY GARDNER,

      Plaintiff,

v.

CELEBRATION GROUP HOMES, INC.,
a Florida corporation,

      Defendant.

Case No.: 19-cv-00242

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CELEBRATION GROUP HOMES, INC. ("CGH"), a Florida corporation, hereby files its Answer an Affirmative Defenses to Plaintiff's Complaint, and states:

1. CGH admits that Plaintiff purports to state a cause of action for violations of the Florida Private Sector Whistleblower Act, §448.102, Fla. Stat. and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), but denies that Plaintiff is entitled to any relief sought herein.

2. CGH admits that Plaintiff claims damages that are in excess of Fifteen Thousand Dollars ($15,000), exclusive of costs and interest, but denies that Plaintiff is entitled to any damages.

### THE PARTIES

3. The allegations in paragraph 3 call for a legal conclusion to which no response is necessary. To the extent a response is necessary, CGH denies the allegations in paragraph 3 of the Complaint.

4. CGH admits the allegations in paragraph 4 of the Complaint.

5. CGH admits that it employs more than 10 employees. The remaining allegations call for a legal conclusion to which no response is necessary. To the extent a response is necessary, CGH denies the remaining allegations not specifically admitted in paragraph 5 of the Complaint.

6. CGH admits that it had an annual gross volume of sales made or business done of not less than $500,000. The remaining allegations call for a legal conclusion to which no response is necessary. To the extent a response is necessary, CGH denies the remaining allegations not specifically admitted in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. CGH admits that Plaintiff seeks damages in excess of $15,000, exclusive of interest, costs, and attorney's fees pursuant to the FWA, but denies that Plaintiff is entitled to any damages. CGH also admits that this Court has supplemental jurisdiction over the FWA claim. CGH denies the remaining allegations not specifically admitted in paragraph 7 of the Complaint.

8. CGH admits that its principal place of business is in Gadsden County.  CGH denies the remaining allegations not specifically admitted in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9. CGH denies that Plaintiff began working for CGH on April 21, 2017. CGH admits the remaining allegations not specifically denied in paragraph 9 of the Complaint.

10. CGH admits that Plaintiff would sometimes stay with patients and provide care over 24-hour shifts.  CGH denies the remaining allegations not specifically admitted in paragraph 10 of the Complaint.

11. CGH admits that Plaintiff received 15.85 hours of overtime pay one week.  CGH denies the remaining allegations not specifically admitted in paragraph 11 of the Complaint.

12. CGH denies the allegations in paragraph 12 of the Complaint.

13. CGH denies the allegations in paragraph 13 of the Complaint.

14. CGH denies the allegations in paragraph 14 of the Complaint, including subparagraphs (a) through (h).

15. CGH denies the allegations in paragraph 15 of the Complaint.

16. CGH denies the allegations in paragraph 16 of the Complaint.

17. CGH denies the allegations in paragraph 17 of the Complaint.

### **COUNT I: Violations of the Florida Private Sector Whistleblower Act**

18. CGH reasserts and realleges its responses to paragraphs 1-17 above, as if fully asserted herein.

19. CGH denies the allegations in paragraph 19 of the Complaint.

20. CGH denies the allegations in paragraph 20 of the Complaint.

21. CGH denies the allegations in paragraph 21 of the Complaint.

### **COUNT II:  Violations of the Fair Labor Standards Act (Overtime)**

22. CGH reasserts and realleges its responses to paragraphs 1-21 above, as if fully asserted herein.

23. CGH denies the allegations in paragraph 23 of the Complaint.

24. CGH denies the allegations in paragraph 24 of the Complaint.

### **COUNT III:  Violations of the Fair Labor Standards Act (Retaliation)**

25. CGH reasserts and realleges its responses to paragraphs 1-24 above, as if fully asserted herein.

26. CGH denies the allegations in paragraph 26 of the Complaint.

27. CGH denies the allegations in paragraph 27 of the Complaint.

### **PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL**

CGH denies that Plaintiff is entitled to any of the relief sought herein.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

To the extent that Plaintiff signed an arbitration agreement and/or waiver of jury trial, this Court should dismiss and/or stay the action pending arbitration, and the Court should strike the demand for jury trial.

### *Second Affirmative Defense*

As to Counts I and III, CGH's employment related decisions were made in good faith for legitimate non-retaliatory reasons and were based upon reasonable facts other than Plaintiff's alleged protected activity.

### *Third Affirmative Defense*

As to Counts I and III, Plaintiff failed to comply with the policies and procedures of Defendant.

### *Fourth Affirmative Defense*

As to Count I, Plaintiff's claims are barred because prior to abandoning her job, Plaintiff did not disclose, or threaten to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that violated of a law, rule, or regulation as required by § 448.102(1), Fla. Stat.

### *Fifth Affirmative Defense*

As to Count I, Plaintiff's claims are barred because prior to abandoning her job, Plaintiff did not provide information to, or testify before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer as required by § 448.102(2), Fla. Stat.

### *Sixth Affirmative Defense*

As to Count I, Plaintiff's claims are barred because prior to abandoning her job, Plaintiff

4

failed to object to an activity, policy or practice of her employer that violated a law, rule or regulation, as required by § 448.102(3), Fla. Stat.

### Seventh Affirmative Defense

As to Count I, Plaintiff's claims are barred because Plaintiff did not refuse to participate in an activity, policy or practice of her employer that violated a law, rule or regulation, as required by § 448.102(3), Fla. Stat.

### Eighth Affirmative Defense

As to Counts I and III, Plaintiff's claims are barred because CGH had no knowledge of Plaintiff's alleged protected activity at the time her employment was terminated because she abandoned her job.

### Ninth Affirmative Defense

As to Count I, Plaintiff's claims are barred because Plaintiff has failed to assert facts necessary to show that there is a causal link between Plaintiff's alleged protected activity and CGH's employment related decision, as required by § 448.102, Fla. Stat.

### Tenth Affirmative Defense

As to Count II, CGH did not willfully deprive Plaintiff of any wages to which she may be entitled. During Plaintiff's employment with CGH, Plaintiff never notified CGH that she did not receive wages allegedly owed. As such, Plaintiff's claims, if any, are governed by a two (2) year statute of limitations under 29 U.S.C. § 255(a) because CGH's conduct was not willful. Any claims outside the two (2) year statute of limitations are thus barred.

### Eleventh Affirmative Defense

As to Count II, to the extent that any violations exist, which CGH denies, CGH acted, or omitted to act, in good faith and had reasonable grounds to believe that its actions did not violate the FLSA. During Plaintiff's employment, Plaintiff never notified CGH that she did not receive

wages she was allegedly owed. As a result, pursuant to 29 U.S.C. § 260, this Court should not award Plaintiff liquidated damages for any alleged violations.

### *Twelfth Affirmative Defense*

As to Count II, to the extent that any violations exist, which CGH denies, Plaintiff may not be entitled to any recovery because any alleged acts or omissions may have been made by Defendants in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies with respect to the class of employers to which the companies belong.

### *Thirteenth Affirmative Defense*

All or part of Plaintiff's claims in Count II may be barred under the *de minimus* doctrine.

### *Fourteenth Affirmative Defense*

As to Count II, CGH's conduct was taken in good faith and was not willful, wanton or reckless nor otherwise unlawful.

### *Fifteenth Affirmative Defense*

As to Count II, Plaintiff has been paid all monies due to her and reported to CGH.

### *Sixteenth Affirmative Defense*

As to Count II, all or part of the time for which Plaintiff seeks compensation for does not constitute compensable time.

### *Seventeenth Affirmative Defense*

As to Count II, even if Plaintiff is found to be entitled to overtime under the FLSA, Plaintiff was already compensated "straight time" for all hours worked and, therefore, she would only be entitled to "half-time" pay, not one and a half times pay, for the hours she worked over forty (40) in a workweek.

*Eighteenth Affirmative Defense*

As to Count III, Plaintiff has not shown a causal connection between the alleged report regarding her wages and her separation of employment when she abandoned her job.

*Nineteenth Affirmative Defense*

As to Counts I and III, Plaintiff's damages, if any, were caused in whole or in part by the actions or inactions of Plaintiff or others, and not CGH.

*Twentieth Affirmative Defense*

To the extent that Plaintiff prevails as to Counts I and II, her damages should be reduced or limited to the extent she failed to mitigate her damages.

*Twenty-First Affirmative Defense*

As to Counts I and III, Plaintiff's claims are barred because she suffered no damages, actual or otherwise, as a result of any alleged improper or illegal conduct by CGH.

*Twenty-Second Affirmative Defense*

To the extent CGH discovers during the course of this action that Plaintiff engaged in any conduct that would warrant discharge under company policy, Plaintiff's right to recover damages is limited by the after-acquired evidence doctrine.

*Twenty-Third Affirmative Defense*

Counts I and III fail because Plaintiff did not have a good faith belief that CGH violated a law, rule, or regulation.

*Twenty-Fourth Affirmative Defense*

As to Counts I and III, to the extent Plaintiff found comparable employment, her entitlement to recover back pay or front pay or an award for such (if applicable) should be cut-off based on these events.

*Twenty-Fifth Affirmative Defense*

As to Count I, to the extent any employee of CGH instructed Plaintiff to violate the law, these instructions were outside the course and scope of the employee's employment and not authorized by CGH.

*Twenty-Sixth Affirmative Defense*

To the extent CGH prevails, it is entitled to recover its fees as a prevailing party under §448.104, Fla. Stat.

CGH reserves the right to amend this Answer and Affirmative Defenses to, among other things, include additional affirmative defenses.

Dated:  May 28, 2019                    NELSON MULLINS BROAD AND CASSEL

/s/ *Kelly B. Holbrook*
KELLY B. HOLBROOK, ESQ.
Florida Bar No. 527084
Email:  kelly.holbrook@nelsonmullins.com
LISA GRIFFIN HODGDON, ESQ.
Florida Bar No. 0137774
Email:  lisa.hodgdon@nelsonmullins.com
Email:  tjuni.strawter@nelsonmullins.com
100 North Tampa Street, Suite 3500
Tampa, Florida 33602
Telephone: (813) 225-3020
Facsimile: (813) 225-3039

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 28, 2019, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send a notice of electronic filing to counsel of record appearing on the Certificate of Service generated by the ECF system.

*s/ Kelly B. Holbrook*
KELLY B. HOLBROOK, ESQ.